IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50160
_____

DAVID SWIM,

Plaintiff-Appellee,

versus

THE CITY OF AUSTIN, BRUCE TODD,
in his official capacity as
Mayor of the City of Austin, and
MARTHA M. PETERS, in her official
capacity as Coordinator, Arts in
Public Places, Austin Parks and
Recreation,

Defendants-Appellants,

_____

Appeal from the United States District Court for
the Western District of Texas
(A-93-CV-648)
_____

December 18, 1996

Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.

REAVLEY, Circuit Judge:[*]

The City of Austin occasionally invites local artists to

display their works in the municipal building.  In late 1991 the

president of the Austin Visual Arts Association (AVAA) was

_____

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

invited to submit 20 or 25 artworks for display there.  On the agreed date AVAA collected 20 pieces of art by member artists and brought them to the city building in several automobiles.  All pieces were set up in the building except one, a life cast of a male torso with genitalia, the work of plaintiff Swim.  The AVAA president and city employees reached a common understanding that this cast was inappropriate for display in the building where the chief officers of the city dealt with the general public. Instead of delivering the cast to the city, the AVAA president took it back to his office and invited plaintiff Swim to submit a different artwork.[1]

Eventually Swim brought this suit, seeking monetary damages for violation of his First Amendment rights (42 U.S.C. § 1983) and breach of contract (state common law).  The district court, sustaining the analysis of the magistrate judge, rendered summary judgment holding the City liable for violating Swim's First Amendment rights and awarded stipulated damages for his mental anguish.  We reverse and render.

The decision below was that the City had created a limited public forum by allowing art exhibitions in the municipal

---

[1] There were no dealings between Swim and the City, but he contends AVAA acted as his agent.  If so, his agent told the City representative that he wondered in advance whether the statue was appropriate, came to the understanding that it was not, never delivered the statue or made any complaint to the City.  It seems that Swim should fault his agent rather than the City.  The City chooses not to raise this defense.

2

building, inasmuch as the building was no longer restricted to strictly government uses.  The Supreme Court rejected this position in <u>Perry Education Assn. v. Perry Local Educators Assn</u>.[2] The City may allow limited expressive display in its office building without subjecting its halls and walls to public interference.  It has the right to exercise control over access to its workplace and to avoid distractions and interruptions of its employees.[3]  Public premises, except for open areas of traditional unrestricted use, are treated as public forums only to the extent the public is invited to use them.[4]  The American Civil Liberties Union in its amicus brief recognizes this to be the law but assumes that the district court justifiably found that the City had left the selection of the artworks to the public, acting through the AVAA.  We do not read the magistrate judge to this effect; but if it is a correct reading, it does not comport with the record.  The AVAA was invited to <u>submit</u> artwork. Other art had been returned by the City.  In this case after AVAA representatives made inquiry of the City art coordinator, she viewed the artwork and consulted with the building manager, and

---

[2] 460 U.S. 37, 103 S.Ct. 948 (1983).

[3] <u>Cornelius v. NAACP Legal Def. & Educ. Fund</u>, 473 U.S. 788, 806, 105 S.Ct. 3439, 3451 (1985).

[4] <u>Estiverne v. Louisiana State Bar Assn.</u>, 863 F.2d 371, 378 (5th Cir. 1989).

3

all concurred in the rejection.  The statue was unsuitable to the City and it was withdrawn by AVAA.

We conclude that the halls and walls of the City building did not become a public forum.  And, as the AVAA president recognized, this particular art was reasonably rejected as inappropriate for display in that place.  If there was any viewpoint or expression involved in the display of male genitalia, it was the effect of the display and not the thought behind it that was deemed inappropriate.  The statue would provoke disturbance and would offend workers and visitors and parents of children.  The City building manager and art coordinator made a reasonable and legally justified decision.

The plaintiff and his counsel should have looked at the words of the First Circuit decision in a similar case, where the court wrote:  "This is a case that should never have been brought."[5]

The city's motion for summary judgment should have been granted.

JUDGMENT REVERSED; CASE DISMISSED.

---

[5] <u>Close v. Lederle</u>, 424 F.2d 988, 991 (1st Cir. 1970).